FILED
United States Court of Appeals
Tenth Circuit

September 28, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JESSE RAY ANDERSON,

      Petitioner-Appellant,

v.

SAM CLINE, Warden, Hutchinson
Correctional Facility; STEVE N. SIX,
Kansas Attorney General,

      Respondents-Appellees.

No. 10-3166
(D.C. No. 5:10-CV-03116-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

On February 5, 2004, Jesse Anderson pleaded guilty in Kansas state court

to aggravated robbery and two counts of attempted aggravated robbery. As a

result, he received a 283 month sentence.

Over five and a half years later, in November 2009, Mr. Anderson sought

collateral relief in Kansas district court. After his motion was denied, he filed a

petition for a writ of mandamus in the Kansas Supreme Court, which the court

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied on May 18, 2010. Later that month, Mr. Anderson filed a petition for a writ of habeas corpus in the federal district court pursuant to 28 U.S.C. § 2254. Noting that his judgment had become final some four years earlier, the district court dismissed Mr. Anderson's petition as time-barred by 28 U.S.C. § 2244(d)(1).

Mr. Anderson now seeks from us a certificate of appealability ("COA") to appeal the district court's dismissal of his § 2254 petition. We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A petitioner seeking federal habeas relief under § 2254 generally must bring his motion within one year from the date on which his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). At the latest, Mr. Anderson's conviction became final in January 2006.[1] As he did not file his petition until

---

[1] There seems to be some confusion on this point. Mr. Anderson states he did not appeal his February 2004 conviction, R.O.A. at 5, which would have become final 10 days later under Kan. Stat. Ann. § 22-3608(c). However, the district court reasoned that Mr. Anderson's conviction did not become final until January 2006, "upon termination of petitioner's appeal." D. Ct. Order of June 10, 2010 at 2. We need not resolve this apparent contradiction, for in any case Mr.

(continued...)

May 2010, Mr. Anderson's petition was plainly time-barred — unless something acted to toll the one-year limitations period.

Mr. Anderson's application for a COA and opening brief on appeal don't squarely challenge the district court's conclusion that his petition was time-barred; rather, both simply reiterate his argument that the Kansas court failed to afford him his Sixth Amendment right to a speedy trial. We read *pro se* filings with particular solicitude, however, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), and detect one possible — but ultimately unavailing — argument for tolling the one-year limitations period.

Congress has directed that the limitations period for a § 2254 petition doesn't run while a properly filed application for state collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). And Mr. Anderson did apply for a motion to correct an illegal sentence in Kansas court. The difficulty is that Mr. Anderson's motion wasn't filed until November 2009, long after the expiration of § 2244(d)(1)(A)'s deadline. And it is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Because we cannot discern any way in which statutory tolling could have served to extend the time in which Mr. Anderson could file a habeas petition

---

[1](...continued)
Anderson's 2010 habeas petition was well beyond § 2244's one-year deadline.

under § 2254, and because Mr. Anderson offers no reasoned basis for suggesting his compliance with § 2254's filing deadline, reasonable jurists could not debate whether his petition was time-barred. Accordingly, we deny his application for a COA and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge